### WATERS v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department.   June 27, 1906.)

STREET RAILROADS—INJURIES TO TRAVELERS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Plaintiff, the. driver of a mail wagon, was injured by a street car striking the step of his wagon as the car was rounding a curve.   Plaintiff knew the rear end of the car would swing out, and he stopped when the part of the car which struck the wagon was 65 feet distant from him. Plaintiff's horse was under complete control, and the car approached, leaving plaintiff sufficient time to have pulled in nearer the curb, and if he had driven close to the curb, so that the hub on the left side of his wagon projected over the curb, there would have been a clear space of 15 inches at the place of the collision between plaintiff's right hub and the nearest point approached thereto by any part of the car.   *Held,* that plaintiff was guilty of contributory negligence, precluding a recovery.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 210–216.]

Smith, J., dissenting.

Appeal from Trial Term, Rensselaer County.

Action by John J. Waters, an infant, by Catherine Waters, his guardian ad litem, against the United Traction Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion to set aside the verdict and for a new trial, it appeals. Reversed.

Plaintiff, the driver of a mail wagon for the United States government, was on July 10, 1905, in the performance of his duties proceeding from the Union Railway Station in the city of Troy along Broadway to the post office in said city. Broadway extends in an easterly and westerly direction, and is crossed at right angles by Union street. The defendant operates a single track railroad through Broadway west of Union street, turning thence northerly into Union street. To make this turn the road of the defendant is constructed with a reverse curve, turning first slightly to the southerly side of Broadway before reaching Union street, and then turning north into Union street, so as to clear at a suitable distance the sidewalk at the northwest corner of Broadway and Union street. The plaintiff was proceeding westerly on the south or left-hand side of Broadway. Opposite the track of the defendant where it curves to the south a collision occurred between one of the defendant's cars and the wagon on which plaintiff was riding, and he was thrown therefrom and injured. For such injuries he has recovered a verdict because of the defendant's negligence.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

P. C. Dugan, for appellant.
John F. Murray, for respondent.

COCHRANE, J. The evidence shows that the plaintiff was guilty of contributory negligence. The car was swinging around the curve from Broadway into Union street at the time of the collision. The forward part of the car passed the plaintiff's wagon in safety. The rear part of the car overhung for some little distance the track on which it was proceeding, and collided with the step attached to the shaft of plaintiff's wagon. The gauge of the wagon was about the same as that of an ordinary wagon. It appeared from the evidence introduced by the plaintiff that, after making proper allowance for the projection of the rear end of the car as it swung around the curve, there was a clear space of 5 feet 10 inches between the curb and the nearest point thereto approached by any part of the car—a space sufficient to allow the passage of the wagon in question, or any ordinary vehicle, by driving sufficiently close to the curb. The plaintiff testified that he knew the rear end of the car would swing out, and that he stopped at a place where the forward wheels of the wagon were opposite a signpost standing within the curb, and called to the motorman to stop, but says that instead of stopping the motorman increased the speed of the car. This signpost was 5 feet easterly of the narrowest place between the curb and the track, and at this point there was a clear space between the curb and the nearest approach thereto of the car of 6 feet 4 inches. The width of the wagon between the outside of the hubs was 5 feet 6 inches. The projection of the hub on either side of the wagon was 5 inches. If the plaintiff had driven close to the curb, and the hub of the left side had projected over the curb, this would have given a clear space of 15 inches at the place of collision between the

right hub and the nearest point approached thereto by any part of the car. There was no dispute as to these measurements and distances. It further appeared from the plaintiff's testimony that when he stopped the horse the car was just beginning to make the curve, a distance from him of about 35 feet. The car was 30 feet long, so that the rear end thereof which collided with the wagon was about 65 feet distant when plaintiff stopped. The car did not strike the wheel, but the step attached to the shaft, which from the evidence did not project out as far as the wheel. How much the difference in this projection was does not appear, but it is evident that the plaintiff could have driven more than 15 inches nearer the curb; how much more would depend on the extent to which the outside of the right hub projected beyond the step which was struck by the car. It was a bright day. The horse was perfectly manageable. The evidence is that it was standing parallel with the sidewalk at the time of the collision. It is quite clear that, had the plaintiff guided the horse to the left, and driven closer to the curb, as he might have done, especially as he was seated at the left side of the wagon, the accident would not have happened. When he stopped opposite the signpost, the rear end of the car was then 65 feet distant, and he had ample opportunity to turn to the left for a space of more than 15 inches, and avoid the accident. He knew that the rear end of the car would swing around, and gives that as his reason for stopping. Instead of using the means at his disposal to avoid the accident which ordinary prudence should have suggested, he did nothing. In Matulewicz v. Metropolitan Street Railway Company, 107 App. Div. 230, 95 N. Y. Supp. 7, the plaintiff was injured by the rear end of a car as it swung around a curve, and the court held him negligent in not observing the simple and obvious precaution of stepping back. The plaintiff in that case, it is true, was a pedestrian, but that circumstance does not distinguish the case in principle from this case. Here the plaintiff had time, space, and opportunity to turn to the left and avoid the accident, and his failure to observe this simple and obvious precaution requires a reversal of this judgment.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except SMITH, J., who dissents.